# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC. | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-420-CE |
| | § | |
| | § | |
| IDT CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Now before the Court are Plaintiff's motion to amend its infringement contentions (Dkt. No. 152), Plaintiff's supplemental motion to amend its infringement contentions (Dkt. No. 165), Defendant's motion for leave to amend its invalidity contentions (Dkt. No. 147) and Defendant's motion to supplement its invalidity contentions (Dkt. No. 174), and the parties' joint motion for oral argument on the amendment of their respective invalidity and infringement contentions.

**II.  Background**

Plaintiff brought suit against Defendant in September of 2007, alleging that Defendant's prepaid cards infringe U.S. Patent Nos. 6,000,608 ('608 patent) and 6,189,787 ('787 patent). Defendant answered and counterclaimed in November of 2007. During the pendency of the suit, Plaintiff replaced its counsel three times. Plaintiff first served its infringement contentions in October of 2008, in compliance with the Court's Docket Control Order (Dkt. No. 29). Defendant secured extensions to its deadline to serve its invalidity contentions through May of 2009, but never filed a notice with the Court indicating compliance. By agreement, the parties sought numerous amendments to the Court's Docket Control Order to allow for delay.

Prior to the appearance of Alexsam's present counsel, Defendant had produced 14,000

documents responsive to Plaintiff's discovery requests and the Court's Discovery Order (Dkt. No. 24). Plaintiff subsequently filed and was granted relief on three motions to compel. (Dkt. No. 119). Defendant failed to comply with the Court's order, further delaying production of responsive documents. Defendant was still producing responsive documents during the pendency of the present motions, necessitating supplemental motions.

Plaintiff also delayed production of documents relevant to Defendant's invalidity case. These documents were produced to Plaintiff as supportive of invalidity contentions in co-pending actions involving the patents-in-suit.

### III. Legal Standard

Plaintiff seeks to amend its infringement contentions against defendant based on information recently gained during discovery. Defendant likewise seeks to amend its invalidity contentions against plaintiff based on information recently gained during discovery.

In accordance with the Local Rules, the parties agreed to a Docket Control Order setting a deadline for serving infringement contentions, and, because that deadline has passed, the parties' amendment of their respective infringement and invalidity contentions would require the Court to modify its Docket Control Order. Federal Rule of Civil Procedure 16(b) allows the Court to modify the Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow amendments to infringement contentions and considers four factors in ruling on motions for leave to do so: (1) the explanation

for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics, Inc.*, 2009 WL 166555, at *1 (E.D. Tex. 2009) (citing *S & W Enters.*, 315 F.3d at 536). Courts in this district have required diligence to satisfy the good cause standard for amending infringement contentions in the wake of the *O2 Micro* decision. *See, e.g., Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *4 (E.D. Tex. 2009); s*ee also O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

**IV.    Discussion**

The parties seek to amend their respective infringement and invalidity contentions based on information not produced until after the deadline set by the Court's Docket Control Order. Accordingly, neither party could have met the deadline imposed by the Court, and each party's failure to meet the deadline is excusable.

Plaintiff's proposed amendments add claims and products not previously accused. If the Court denies Plaintiff's motion, Plaintiff will never be able to assert these claims or seek damages against these products in the future. Accordingly, excluding Plaintiff's proposed amendments would have a significant impact on the substance and scope of Plaintiff's claim against Defendant.

Defendant's proposed amendments add references and invalidity theories pertaining to the newly asserted claims. Defendant's amended invalidity contentions are important defenses to Plaintiff's new claims. If the Court allows Plaintiff to amend its infringement contentions, Defendant would be severely prejudiced unless the Court also allows Defendant to amend its invalidity contentions.

Both parties have been diligent in seeking amendment after receiving the relevant discovery from the opposing party. Both parties have also, at times during this litigation, sought delay or otherwise shown a lack of diligence. One of the principal reasons for the tardiness of Plaintiff's motions is Plaintiff's failure to zealously seek discovery early during the pendency of this action. However, Defendant also failed to comply with the Court's Discovery Order, produced few if any relevant documents prior to Plaintiff's motions to compel, and even then unreasonably delayed its production. Both parties bear responsibility for the late date of the amendments sought.

In light of the importance of the amendments sought and both parties' role in the delay, the Court GRANTS Plaintiff's motions to amend its infringement contentions (Dkt. Nos. 152, 165) and GRANTS Defendant's motions to amend its invalidity contentions (Dkt. Nos. 147, 172). The Court will not reward either party for late production of relevant documents by limiting the claims made against them.

In the course of briefing, Defendant identified "credit and debit card network" as a term requiring a supplemental claim construction. The parties may seek a construction of that term before trial and the Court will address the issue at the pre-trial conference.

**V.    Conclusion**

For the above reasons, the Court GRANTS Plaintiff's motions to amend its infringement contentions (Dkt. Nos. 152, 165) and GRANTS Defendant's motions to amend its invalidity contentions (Dkt. Nos. 147, 172). The parties are further ORDERED to submit briefs on the construction of the newly disputed term "credit and debit card network" within one week of the issuance of this order. The Court DENIES the parties' joint motion for hearing on this issue (Dkt. No. 197) as moot.

SIGNED this 12th day of January, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE