IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., § | |
| § | |
| Plaintiff, § | |
| § | Case No. 2:07-CV-420 |
| v. § | |
| § | The Honorable C. Everingham |
| IDT CORPORATION, § | |
| § | **ORAL HEARING REQUESTED** |
| Defendant. § | |

**IDT'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER GRANTING ALEXSAM'S MOTION FOR SANCTIONS (NO. 221)**

Defendant IDT Corporation ("IDT") hereby respectfully moves for partial reconsideration of the Court's Order from the bench, granting Alexsam's Motion for Sanctions (Dkt. No. 221) and ordering that infringement of the asserted claims of the patents-in-suit be deemed established with respect to the EWI/Blackhawk, Incomm/7-11, Sears, and Payspot cards ("Deemed Infringing Products").  Specifically, IDT submits that the particular sanction imposed by the Court is disproportionate and that lesser sanctions are available which would fully remedy any prejudice suffered by Alexsam.

Alexsam requested sanctions under Federal Rule of Civil Procedure 37(b)(2), which authorizes the Court to impose sanctions for discovery violations.  In *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,[1] the U.S. Supreme Court held with respect to sanctions imposed under Rule 37(b)(2), "[f]irst, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."[2]  In the Fifth Circuit, severe sanctions should be reserved for only the most egregious instances of bad faith or willful abuse of the judicial process.[3]  Moreover, "the district court is bound to impose the *least severe sanction available*."[4]

The prejudice Alexsam may have suffered as a result of the late disclosure does not warrant deeming that 40 percent of the accused transactions infringe.  The late disclosure had no material impact on Alexsam's ability to present its infringement case.  The Deemed Infringing Products are identical in all relevant respects to other accused IDT card products, except for the specific identification numbers encoded on the cards.

---

[1] 456 U.S. 694 (1982).
[2] *Id.* at 707.
[3] *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997); *see also Taylor v. Bar MT LLC*, Civ. No. H-09-481, 2009 WL 5195982 (S.D. Tex. Dec. 22, 2009) (dismissal for failure to comply with discovery order usually requires a finding of willfulness or bad faith).
[4] *Gonzalez*, 117 F.3d at 898 (emphasis added).

1

Alexsam's expert witness on damages, Mr. Bakewell, also included the Deemed Infringing Products in a supplemental damages analysis served on IDT prior to trial. Because the Deemed Infringing Products are identical for his purposes to prepaid phone cards already in the case, Mr. Bakewell needed only to multiply his royalty rate of $0.75 per accused prepaid phone card transaction by the number of additional transactions. Any prejudice to Alexsam from IDT's discovery delays was mitigated by the ability to supplement the damages calculation prior to trial.

By contrast, the impact of the Court's sanction on IDT will be severe. First, the Deemed Infringing Products account for approximately 40 percent of all accused transactions in the case. That is roughly $8 million of Alexsam's claimed $18 million in damages.

Second, IDT's defenses to infringement do not merely rest on the presence or absence of a BIN, which was the subject of the late disclosure. The Court has ruled as a matter of law that the accused products do not infringe claim 60 of the '608 patent or claim 14 of the '787 patent—a ruling that would have applied equally to the Deemed Infringing Products. There are a number of non-BIN elements in claims 57 and 58 that IDT's accused products, including the Deemed Infringing Products, do not include.

Because the Court had not yet heard the evidence regarding the infringement issue when it issued its sanctions order, the Court could not have appreciated the strength of IDT's non-infringement positions. However, now that Alexsam's evidence on the issue of infringement has been presented, it is clear that the Court has stricken not just *arguable* defenses, but ones that were *meritorious*.

Third, because the Court has deemed the products to infringe all four of the asserted claims, IDT must present invalidity defenses to all four claims. But for the Court's sanction,

IDT at this stage of the case would be presenting invalidity defenses only to claims 57 and 58 of the '608 patent.

Fourth, the Court's sanction runs the substantial risk of tainting the jury's deliberations regarding the remaining accused products. As discussed, the Deemed Infringing Products are similar in all relevant respects to other accused products. The jury's natural inclination will be to assume that such other products must infringe if the Deemed Infringing Products do.

Finally, a jury instruction deeming that the additional transactions infringe risks spilling over and adversely prejudicing the jury's willfulness determination. To prevail on willfulness, Alexsam must first prove by clear and convincing evidence that there existed an "objectively high likelihood that [IDT's] actions constituted infringement of a valid patent."[5] "This 'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to infringement."[6] IDT has reasonable defenses to infringement. The Court granted Judgment as a Matter of Law of non-infringement as to two claims and has strong arguments on numerous elements regarding the remaining two claims. The jury either might not understand or may simply disregard that fact if instructed that 40% of the accused transactions infringe.

Accordingly, IDT respectfully requests that a lesser sanction be imposed—specifically, that (1) IDT be precluded from arguing that the cards at issue do not have a BIN, and (2) IDT reimburse Alexsam for any reasonable attorneys fees involved with its preparation of its Motion for Sanctions (Dkt. No. 221), reasonable costs and attorneys fees related preparing the supplemental expert report, and reasonable attorneys fees related to the depositions of IDT's

---

[5] *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).
[6] *Spine Solutions, Inc. v. Medtronic Sofamar Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010).

Rule 30(b)(6) designees Daniel Sheinfil, Jonathan Rossman, and Ashish Parikh. This proposed remedy is proportionate to the level of prejudice that Alexsam may have suffered, and it is specifically related to the subject of the sanctions motion—the BINs for the EWI/Blackhawk, Incomm/7-11, Sears, and Payspot cards.

Should the Court deny IDT's Motion for Reconsideration of Sanctions, IDT respectfully requests the Court not to <u>instruct the jury</u> that IDT's EWI/Blackhawk, InComm, 7-11, Sears and Payspot cards infringe, but instead to implement the sanction post trial by applying the jury's reasonable royalty rate to the Deemed Infringing Products. This would require only that the Court instruct the jury to answer the damages question on the verdict form even if it concludes that none of the accused products infringe or that the asserted claims are invalid. Such a procedure would eliminate the risk of tainting the jury's deliberations on the remaining issues while according Alexsam the full benefit of the Court's sanction.

Dated: February 13, 2011

Respectfully submitted,

By: /s/ M. Dru Montgomery
Edward A. Pennington
Stephanie D. Scruggs
Sid V. Pandit
Sean T. Phelan
Timothy J. Murphy
MURPHY&KING, P.C.
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, DC 20007
Telephone: (202) 403-2100
Facsimile: (202) 429-4380
eap@murphyking.com
sds@murphyking.com
svp@murphyking.com
stp@murphyking.com
tjm@murphyking.com

J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
thad@jth-law.com
dru@jth-law.com

Glen E. Summers
Sean C. Grimsley
Daniel R. Brody
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
glen.summers@bartlit-beck.com
sean.grimsley@bartlit-beck.com
dan.brody@bartlit-beck.com

*Attorneys for Defendant*
*IDT Corporation*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 10, 2011, the parties held a "meet and confer" conference regarding the relief requested. Melissa Richards Smith and Steven Schroer for Plaintiffs and Dru Montgomery for Defendant discussed the matters contained herein but were unable to find an accord. The conference conclusively resulted in an impasse leaving an open issue that only the Court can resolve.

/s/ M. Dru Montgomery
M. Dru Montgomery

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically on all counsel who have consented to electronic service in compliance with Local Rule CV-5(a)(7)(C). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 13th day of February, 2011.

/s/ M. Dru Montgomery
M. Dru Montgomery