IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:07-CV-420 |
| v. | § | |
| | § | The Honorable C. Everingham |
| IDT CORPORATION | § | |
| | § | |
| *Defendant.* | § | |

**ALEXSAM'S MOTION TO SEVER POST-VERDICT ROYALTIES AND
FOR ENTRY OF FINAL JUDGMENT**

A jury trial was held in this case from February 7-15, 2011. (Doc. Nos. 310-316.) The jury reached its verdict on February 15, 2011. (Doc. No. 316.) The jury awarded $9,065,476.00 as a reasonable royalty to Plaintiff Alexsam, Inc. ("Alexsam") for Defendant IDT Corp.'s ("IDT") infringement of U.S. Patent Nos. 6,000,608 ("the '608 patent") and 6,189,787 ("the '787 patent"), including infringement determined by the jury, as well as infringement as to certain products adjudicated by the court as a sanction for IDT's litigation misconduct. (*Id.*)

By this Motion, Alexsam requests that the Court (1) sever Alexsam's continuing causes of action for post-verdict infringement into a separate case, (2) award prejudgment interest on the damage award, and (3) enter final judgment.

**I.    Alexsam's Damages Claim For Post-Verdict Infringement Should Be Severed**

Alexsam is entitled to an injunction against future infringement or, alternatively, damages adequate to compensate it for IDT's continuing infringement following the jury's verdict in this case. The infringement and damage claims adjudicated by the jury verdict reflect infringing activities to and including December 31, 2010 (as Alexsam understands the

information IDT served shortly before trial). With that understanding, Alexsam intends to seek future royalties from IDT for infringement on and after January 1, 2011, in lieu of an injunction to compensate it for IDT's post-verdict infringement of the '608 and '787 patents. Alexsam will not be requesting an injunction against the systems and methods adjudicated infringing in this case.

Accordingly, Alexsam hereby requests that the Court proceed as it did in *Medtronic* and *Saffran* by severing Alexsam's continuing causes of action for post-verdict royalties into a separate case with its own case number. *Medtronic Vascular, Inc. v. Boston Sci. Corp.*, No. 2:06-cv-78, 2009 U.S. Dist. LEXIS 4718, at *4 (E.D. Tex. Jan. 23, 2009); *Saffran v. Boston Scientific Corp.*, No. 2:05-CV-547 (TJW), 2008 U.S. Dist. LEXIS 106711, at *3 (E.D. Tex. Feb. 14, 2008). This procedure is authorized by and consistent with Fed. R. Civ. P. 42(b). Alexsam further requests that the Court permit Alexsam to serve post-verdict discovery pursuant to Fed. R. Civ. P. 69(a)(2), to permit Alexsam to ascertain the complete scope of ongoing infringing activity, and also to order IDT to file quarterly reports of sales volumes of infringing systems and methods. Alexsam reserves the right to request all available remedies, including without limitation, increased damages for IDT's continued willful infringement, fees and costs, to which Alexsam is entitled in the severed proceedings.

## II.    Alexsam Is Entitled To Prejudgment Interest

Under 35 U.S.C. § 284, a patent claimant is entitled to "damages adequate to compensate for the infringement . . ., together with interest and costs as fixed by the court." 35 U.S.C. § 284. The United States Supreme Court has held that prejudgment interest "should be ordinarily awarded" when a plaintiff in a patent infringement suit prevails on its claim to comply with Section 284 because a patentee's damages include not only the damages awarded but also the

lost use of that money up to the date of the judgment. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656-57 (1983).  The interest rate used to calculate prejudgment interest and the method and frequency of compounding is left to the discretion of the district court.  *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).

Alexsam requests prejudgment interest calculated by the methodology this Court used in *Saffran v. Boston Scientific Corp.*, No. 2:05-CV-547 (TJW), 2008 U.S. Dist. LEXIS 106711, at *3 (E.D. Tex. Feb. 14, 2008).  In *Saffran*, the Court calculated prejudgment interest on the jury's damages award from the day infringement began (January 1, 2004) until final judgment. *Id.*  (*See also Saffran* Doc. No. 193.) The Court used the average 90-day commercial paper interest rate, as established by the Federal Reserve Board, concluding that such rate is appropriate for a case brought pursuant to federal law. (*Id.*)  *See also Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 2:07-cv-335, Doc. No. 193 (E.D. Tex. Mar. 31, 2010) (same); *Medtronic Vascular, Inc. v. Boston Sci. Corp.*, No. 2:06-cv-78, 2009 U.S. Dist. LEXIS 4718, at *6-7 (E.D. Tex. Jan. 23, 2009) (same).

Alexsam respectfully requests that the Court enter an award awarding Alexsam prejudgment interest as calculated in these cases beginning on January 1, 2005 (the day infringement of the '608 and '787 patents began) up through the day of final judgment.

**III.   Entry of Final Judgment Will Be Appropriate If This Motion Is Granted As All Asserted Claims For Relief Will Be Adjudicated**

If the Court grants the relief requested herein, it will dispose of all claims for relief asserted by Alexsam in this case, except Alexsam's right to seek costs and attorneys' fees.  It will also dispose of all claims for relief asserted by IDT, which has only asserted counterclaims for declaratory judgment of non-infringement and invalidity of the patents asserted by Alexsam.  Alexsam intends to submit a bill of costs to the clerk pursuant to 35 U.S.C. § 284 and a petition for its attorneys' fees pursuant to 35 U.S.C. § 285, but these requests do not affect the Court's

3

ability to enter final judgment.  Fed.R.Civ.P. 54(b) and 59(e).  Thus, upon granting this motion the Court may enter a final judgment.

## IV. Conclusion

In light of the above, Alexsam requests the Court enter final judgment, including damages of $9,065,476.00 plus prejudgment interest, as set forth above, and severing Alexsam's continuing causes of action for damages based on post-verdict infringement into a separate case.

Respectfully submitted,

Date:   February 22, 2011

*/s/Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257


Timothy P. Maloney (IL 6216483)
Tpmalo@fitcheven.com
Alison Aubry Richards (IL 6285669)
Arichards@fitcheven.com
Nicole L. Little (IL 6297047)
Nlittle@fitcheven.com
David A. Gosse (IL 6299892)
Dgosse@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

                        Steven C. Schroer (IL 6250991)
                        scschr@fitcheven.com
                        FITCH, EVEN, TABIN & FLANNERY
                        1942 Broadway, Suite 213
                        Boulder, Colorado 80302
                        Telephone: (303) 402-6966
                        Facsimile: (303) 402-6970

                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 22nd day of February, 2011. Any other counsel of record will be served by first class mail.

                        /s/ Nicole L. Little
                        Nicole L. Little

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff conferred with counsel for Defendant and provided Defendant a copy of Plaintiff's Motion and Proposed Judgment on the afternoon of February 22, 2011. Defendant opposes the relief requested and will alternatively comment on the substantive merits of the proposed judgment through responsive briefing.

                        */s/Melissa Richards Smith*
                        Melissa Richards Smith