IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:07-cv-420 |
| v. | § | |
| | § | |
| IDT CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF APPEAL

Notice is hereby given that IDT Corporation, Defendant in the above named case, hereby

appeals to the United States Court of Appeals for the Federal Circuit from the final judgment

entered in this action on August 18, 2011 (Dkt. 370).  Defendant further appeals from any and all

intervening orders, decisions or rulings that gave rise to such final judgment and any subsequent

orders, decisions or rulings that failed to correct such final judgment, including without

limitation:

1. Order denying Defendant's renewed motion for judgment as a matter of law of

   noninfringement or, in the alternative, for new trial, and Defendant's renewed

   motion for judgment as a matter of law of invalidity or, in the alternative, for new

   trial (Dkt. 375), entered September 30, 2011.

2. Order granting Plaintiff's motion for sanctions, entered during trial (2/10/2011 am

   Trial Tr. 56:24-57:20) and by supplemental order (Dkt. 364), entered September

   30, 2011.

3. Order denying Defendant's motion for remittitur or new trial on damages (Dkt. 369), entered August 18, 2011.

4. Order denying Defendant's motion for judgment as a matter of law on noninfringement, and Defendant's motion for judgment as a matter of law on damages, and denying in part Defendant's Motion for Judgment as a Matter of Law on the MasterCard Agreement (Dkt. 366), entered August 18, 2011.

5. Order granting Plaintiff's motion to sever (Dkt. 367), entered August 18, 2011.

6. Order denying Defendant's motion for partial summary judgment of noninfringement of Claims 57 and 58 of the '608 Patent and Claims 1, 7, and 14 of the '787 Patent based on the undisputed fact that it does not practice each and every element of the system claims (Dkt. 287), entered February 3, 2011.

7. Order granting in part and denying in part Defendant's motion for partial summary judgment of no literal infringement by its Visa gift cards (as to those portions of the motion that were denied) (Dkt. 285), entered February 1, 2011.

8. Protective order relating to Defendant's third party subpoenas (Dkt. 225), entered January 12, 2011.

9. Order denying motion to compel an answer for Interrogatory Number 4 and granting all remaining motions to compel interrogatory responses and motion to compel document production (as to those portions of the motion that were granted) (Dkt. 119), entered August 12, 2010.

10. The Court's denial of the following motions and objections, which the Court either denied or overruled during trial or denied as part of the final judgment:

    a.  Defendant's motion to strike / exclude Brent Hranicky as an expert (Dkt. 293);

    b.  Defendant's motion for reconsideration of its motion for partial summary judgment of no literal infringement by its Visa Gift Cards or, in the alternative, for supplemental claim construction (Dkt. 291);

    c.  Defendant's motion for judgment as a matter of law with respect to ownership of the patents in suit;

    d.  Defendant's motion at trial to require the jury to find a reasonable royalty, regardless of its finding on infringement, and have the Court apply any sanctions post-trial (2/10/2011 am Trial Tr. 102:16-103:11);

    e.  Defendant's motion for judgment as a matter of law that certain accused products were licensed under the InComm license (2/3/2011 Pre-Trial Hearing 38:19-41:15);

    f.  Defendant's request to amend the pretrial order in the case to allow Defendant to present as a defense the fact that certain accused products were licensed under the InComm license (2/3/2011 Pre-Trial Hearing 38:19-41:15);

    g.  Defendant's request for a jury verdict form that properly identified the accused systems; and

    h.  Defendant's objection to questioning by Plaintiff's counsel that posited an infringement analysis that was inconsistent with the Court's claim construction (2/14/2011 am Trial Tr. 133:22-134:22).

11. The Court's grant of the following motions during trial:

    a.   Plaintiff's motion for judgment as a matter of law with respect to inventorship and ownership of the patents in suit; and

    b.   Plaintiff's request for a jury verdict form that did not properly identify the accused systems.

Dated:  October 28, 2011          Respectfully submitted,

By:     */s/ M. Dru Montgomery*
       Glen E. Summers
       Sean C. Grimsley
       Daniel R. Brody
       BARTLIT BECK HERMAN PALENCHAR
         & SCOTT LLP
       1899 Wynkoop Street, 8th Floor
       Denver, Colorado 80202
       Telephone: (303) 592-3100
       Facsimile:  (303) 592-3140
       glen.summers@bartlit-beck.com
       sean.grimsley@bartlit-beck.com
       dan.brody@bartlit-beck.com

       J. Thad Heartfield
       Texas Bar No. 09346800
       M. Dru Montgomery
       Texas Bar No. 24010800
       THE HEARTFIELD LAW FIRM
       2195 Dowlen Road
       Beaumont, Texas 77706
       Telephone:  (409) 866-3318
       Facsimile:   (409) 866-5789
       thad@jth-law.com
       dru@jth-law.com

       ***Attorneys for Defendant IDT Corporation***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically on all counsel who have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 28th day of October, 2011.

*/s/M. Dru Montgomery*
M. Dru Montgomery